FREEMAN *v.* BENTON.

Crim. 3977

Opinion delivered January 20, 1936.

*Kenneth C. Coffelt*, for appellant.

*Ernest Briner*, for appellee.

SMITH, J. Appellant was arrested, tried and convicted on October 23, 1933, in the court of the mayor of the city of Benton upon the charge of transporting intoxicating liquors in violation of an ordinance of that city. The minimum fine of $100 was assessed, but after its assessment it was suspended by the mayor during appellant's subsequent good behavior. On September 23, 1935, which was one year and 11 months later, appellant was tried and convicted in the same court upon a charge of drunkenness in violation of a city ordinance upon that subject. At the same time a fine of $100 was imposed under the former conviction. Having been taken into custody, in discharge of this $100 fine, appellant sought to obtain release through a writ of *habeas corpus*. The circuit court denied that relief, and this appeal is from that order.

In the case of *Holden* v. *State,* 156 Ark. 521, 247 S. W. 768, the defendant was convicted for the commission of a felony and the court entered a judgment sentencing appellant to confinement in the penitentiary for a period of five (5) years; but it was further ordered "that the execution of the judgment be and is suspended until further orders of the court, and the court doth retain jurisdiction of this case from term to term for the purpose of doing full justice in the case." We there said that there is no authority in the law for the trial court to suspend the execution of a judgment of conviction in a criminal case from term to term. It was said that the court during the term has control over the judgment and could

set it aside, if it thought proper to do so; but that "at the close of the term the conviction and judgment and sentence become final, and any order suspending the execution of same, when the defendant is in the presence of the court or in the custody of the sheriff, in the absence of a statute authorizing it, is void. The law contemplates that upon a verdict of guilty, unless such verdict is set aside and a new trial granted, the court shall render a judgment of sentence, which, in the absence of a statute duly authorizing its suspension, must be duly executed." It was therefore ordered that the sheriff execute the judgment of sentence the same as if it had not been suspended.

In the case of *Davis* v. *State,* 169 Ark. 932, 277 S. W. 5, the defendant entered a plea of guilty to the charge of selling intoxicating liquors, and upon that plea a sentence of one year in the penitentiary was imposed; but in the same judgment it was ordered that this sentence be suspended until the defendant had again violated the liquor laws of this State. At a subsequent term of court it was adjudged that the suspension of the execution of the judgment of conviction was without authority. A motion was filed to revoke the order suspending the execution of the sentence upon the ground that the defendant had again violated the liquor laws. The motion was granted, and it was ordered that the defendant be transported to the penitentiary to serve the year under the original sentence. We affirmed that judgment, and in doing so held that "courts have no power to suspend the execution of their sentences indefinitely." After the rendition of the opinion in the Holden case, *supra,* an act was passed by the General Assembly conferring power to postpone the pronouncement of final sentence upon conditions deemed proper, but this act applies only to criminal trials in circuit court. Acts 1923, page 40.

The mayor of the city of Benton was therefore without authority to suspend this sentence, and the fine which he later imposed should have been assessed in the first instance, when the original conviction was had.

It is insisted, however, that this must have been done within one year, after the violation of the ordinance or the commission of the offense, and not afterwards, and

§ 7561, Crawford & Moses' Digest, is cited as sustaining that position. It reads as follows:

"§ 7561. All suits or prosecutions for the recovery of any such fines, penalties or forfeitures, or for the commission of any offense made punishable by any by-law or ordinance of any municipal corporation, shall be commenced within one year after the violation of the by-law or ordinance, or commission of the offense, and not afterward. Provided, the offender has remained within the jurisdiction of such municipal corporation during the one year aforesaid, if not, then the limitation herein provided shall extend for the term of five years."

The limitation of this section, however, is upon the institution of suits or prosecution thereof for the recovery or imposition of fines, penalties, or forfeitures for the commission of acts made punishable by the ordinances of municipal corporations. No contention is here made that this prosecution was not commenced within one year of the date of the commission of the offense charged. This, if true, would have been a proper defense at the trial in the mayor's court, but does not avail in this proceeding.

It is not the purpose of this proceeding to determine whether appellant is guilty of a violation of an ordinance of the city of Benton. That fact has already been adjudged, and the erroneous postponement of the enforcement of that judgment has not destroyed its effect. Had appellant escaped from custody and concealed himself from arrest for a period of more than one year after his conviction in the mayor's court, it could not be maintained that he had acquired immunity because of this lapse of time. Neither can he claim immunity because the mayor did not direct that the judgment of his court be immediately enforced, as he should have done.

The circuit court therefore properly refused to order appellant's release, and that judgment is affirmed.