### Ex parte ROGERS MONROE.

No. A-11188.   June 22, 1949.

(207 P. 2d 944.)

Rogers Monroe, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

BAREFOOT, J.   This original proceeding in habeas corpus was instituted by the petitioner, Rogers Monroe, to secure his release from confinement in the State Penitentiary.

The petition was filed by petitioner without the aid of counsel. This petition, duly verified, alleges that defendant was convicted of the crime of conjoint robbery with firearms in the district court of Rogers county, May 13, 1930, and sentenced to serve 25 years in the State Penitentiary.

Petitioner's only contention is that the trial court was without jurisdiction to pass judgment in said cause. He attaches a brief in support of his petition, and also attaches a certified copy of the appearance docket of the district court of Rogers county relative to the case of petitioner. Under date of May 13, 1930, the docket sheet contains the following notations in the order given:

"Court instructs jury; instructions filed; requested instructions filed; bailiff sworn; jury returned verdict of guilty and cannot agree on punishment; verdict received; ordered filed; verdict filed; recorded; defendant objects to filing and recording of verdict; overruled; defendant objects to discharge of jury and moves they be returned to further consider punishment; overruled; jury discharged; defendant remanded to sheriff; court sets Sat. May 17 as sentence day."

In his brief petitioner contends that the trial court erred in receiving the verdict and discharging the jury over the objection of the defendant and request by defendant that the jury be required to assess the punishment. In support of this contention he cites 22 O. S. 1941 §§ 926 and 927, which are as follows:

"§ 926. In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided.

"§ 927. Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

From the record before us, there is nothing to show that the request to require the jury to assess the punishment was made before the verdict was returned. In the early case of Fain v. State, 14 Okla. Cr. 556, 174 P. 296, this court said:

"The request made of the court that the jury assess the punishment came too late. It is clear: (1) That the request must come before the verdict is returned; (2) that the exception named in section 5934 (Tit. 22 O. S. 1941 § 927) permits the jury to return a general verdict of guilty, and that they cannot agree upon the punishment, if no request that the jury assess the punishment is made before the verdict is returned. The court then was authorized to pronounce judgment upon the verdict as returned."

No appeal was taken from the judgment and sentence rendered against this petitioner. It is well settled that the Criminal Court of Appeals in a habeas corpus proceeding will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law on questions over which the court had jurisdiction; and that the writ of habeas corpus cannot be substituted for an appeal.

The petition for writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.