NELSON v. BURFORD, Warden.

No. A-11414. Sept. 13, 1950.

(222 P. 2d 382.)

Robert H. Sherman and James B. Vawter, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, P. J. By habeas corpus the petitioner, William B. Nelson, seeks to vacate the judgment and sentence of the district court of Grady county wherein the petitioner was sentenced to serve a term of ten years imprisonment in the State Penitentiary upon his plea of guilty to the crime of kidnapping, after former conviction of a felony.

The sole question presented by this action is whether the court lost jurisdiction to pronounce sentence upon the plea of guilty by failure of the court to appoint counsel for the defendant before accepting his plea of guilty.

The facts introduced at the hearing before this court showed that defendant was 24 years of age at the time he entered his plea of guilty to the charge of kidnapping in November, 1948. Prior to that the defendant had volunteered in the United States Army in December, 1941, and had served with distinction as a paratrooper, being wounded and taken prisoner in the Battle of the Bulge. Subsequent to his return to the United States he was tried and convicted by a general court martial on a charge of robbery with firearms and sentenced to serve three years imprisonment in the Federal Penitentiary. After serving fourteen months he was paroled.

In May, 1948 he was arrested in Grady county, Oklahoma for the alleged crime of rape in the first degree

and incarcerated in the county jail. In September, 1948, he and other individuals who were confined to the county jail made an escape from the jail. During the escape they overpowered the jailer and placed him in the jail cell and took his keys. A short time later the defendant was captured in the State of Tennessee and returned to the county jail of Grady county where he was charged by complaint before the committing magistrate with the crime of kidnapping the jailer during the escape from the jail and the former conviction of a felony set forth in the information filed against the accused pertained to the conviction by the general court martial. Petitioner's father who lived in the State of Florida was notified of his arrest. He came to Chickasha and conferred with the county attorney and also with a Chickasha lawyer and one at Oklahoma City concerning the charges filed against the petitioner. Later the petitioner was brought to the county attorney's office where he and his father discussed the charges with the county attorney and the county attorney told petitioner and his father that if the petitioner decided to plead guilty to the charges filed against him he would recommend the minimum penalty of ten years' imprisonment.

Thereafter the defendant went before the district court of Grady county, entered his plea of guilty, and upon recommendation of the county attorney was sentenced to serve ten years' imprisonment in the penitentiary. No attorney was appointed for the accused. The county attorney and the district judge each testified that the defendant was advised of his right to counsel and that the court offered to appoint counsel for the accused but that the accused stated he wanted to plead guilty and did not desire an attorney.

The contention of petitioner will be stated by quoting from his brief as follows:

"Petitioner does not deny that Judge Wood may have asked him if he waived his rights to an attorney. Petitioner was a layman, not a lawyer, and although he had already served a military sentence in a military prison, nevertheless he was certainly not conversant with the rules of criminal procedure and the laws of evidence. Petitioner contends that he could not effectively waive any of his constitutional rights in a charge of kidnapping which is a crime classed as a capital punishment offense. In such a serious case it was the decided duty of the Court to appoint counsel and to refuse to continue with the case until such counsel had talked to the then defendant. It seems to your Petitioner that this is a basic and fundamental rule of law which needs no citations since it is elementary that the trial court must protect the defendants' rights at all stages of the proceedings. It was the duty of the trial court to appoint counsel in such a case as kidnapping, and the defendant could not waive his rights thereto."

This is a collateral attack upon the judgment and sentence of the district court which is regular upon its face, and in order to overthrow the strong and almost conclusive presumption of validity that is attached to a judgment and sentence which is regular on its face on the ground of denial of certain constitutional rights, the proof on behalf of the movant must be clear and convincing.

This court has had occasion many times in recent years to consider petitions for habeas corpus filed by inmates at the state prison in which it is contended that in the proceedings leading up to their conviction and sentencing the trial court lost jurisdiction by reason of the failure of the court to fully advise the accused of his constitutional and statutory rights. Ex parte Barnett,

67 Okla. Cr. 300, 94 P. 2d 18; Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139; Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904; Ex parte Barrett, 75 Okla. Cr. 414, 132 P. 2d 657; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549. In these cases and many others certain definite rules of law have been established. Some of them are as follows:

On a habeas corpus the court will not inquire into the guilt or innocence of the accused.

Under Bill of Rights (Art. 2, § 20, Okla. Const.) an accused has the right to consult with counsel and to be fully advised as to his rights and as to the consequences of his act before entering his plea to the indictment or information.

A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea.

A person prosecuted for a crime may waive the rights guaranteed to him by Bill of Rights, relating to trial by jury, right to be heard by counsel, etc.

Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, wheth-

er requested or not, to assign counsel for him as a necessary requisite of due process of law.

A judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction.

Kidnapping under our statute is punishable by imprisonment in the penitentiary for not less then ten years or by death. 21 O.S. 1941 § 745. Trial courts could avoid questions such as here presented if they would follow the rule that in every capital case counsel should be appointed *before* receiving the plea, whether the accused desires the aid of counsel or not. However, even though this is a rule the court should follow it does not necessarily mean that where the court fails to appoint counsel its jurisdiction to pronounce sentence is lost.

In this particular case, after considering the age, education and experience of accused, the fact that petitioner's father came all the way from the State of Florida to investigate and advise with his son during which the father talked with attorneys of his own choice concerning the matter, it appears to us that the accused was fully advised as to the nature of the charges against him and knew the consequences that would follow a plea of guilty and therefore was competent to waive his right to the assistance of counsel, and of course if he was competent to waive such right the court did not err in failing to appoint counsel before accepting the plea of guilty. The further contention was made that petitioner did not have a preliminary hearing and the same was not waived because petitioner was incompetent of waiving such preliminary examination, and also no copy of the information was furnished to the defendant. No evidence was

230

offered to support these allegations and the record furnished to us refutes these contentions. The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.