# Ex parte WASHINGTON.

No. A-10871.   Oct. 18, 1950.

(223 P. 2d 552.)

338

Charles E. Dierker, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original action in habeas corpus instituted by the petitioner, Walter Washington, to secure his release from confinement in the State Penitentiary.

In the verified petition it is alleged that the petitioner, on the 28th day of August, 1942, was charged by information filed in the district court of Pottawatomie county, with the crime of murder allegedly committed on August 23, 1931. That on the 23rd day of September, 1942, the petitioner was tried and convicted of the crime of manslaughter in the first degree, and pursuant to the verdict of the jury was sentenced to serve 20 years imprisonment in the State Penitentiary. That thereafter, an appeal was prosecuted to the Criminal Court of Appeals and said appeal docketed as Case No. A-10402. That on May 23, 1945, the Criminal Court of Appeals rendered its decision affirming the judgment of conviction, but reducing imprisonment to a term of ten years in the State

Penitentiary. Washington v. State, 80 Okla. Cr. 300, 159 P. 2d 278.

The petition further alleged that the judgment and sentence is illegal and unauthorized in that the statute of limitations had run upon the offense of which the petitioner was convicted at the time of the filing of the information, and that because said offense was barred by the statute of limitations, the restraint is illegal and petitioner is entitled to his discharge.

After the rule to show cause was issued, the matter was submitted upon the demurrer of the respondent to the petition. Shortly thereafter petitioner applied for and was given a parole. After his release an order was made dismissing the petition for the reason petitioner was no longer in custody. Later petitioner violated the terms of his parole, was rearrested and is again confined in the penitentiary. Upon motion of petitioner the case was reinstated.

We have come to the conclusion that there are several reasons why the petitioner is not entitled to his release from the penitentiary by this proceeding.

In the case of Osborn v. State, 86 Okla. Cr. 259, 194 P. 2d 176, 178, this court decided the chief point here involved concerning the statute of limitations. In the syllabus of that case the law is stated as follows:

"There is no limitation of time within which a prosecution for murder may be instituted, 22 O.S. 1941 § 151, but a prosecution for manslaughter must be commenced within three years after its commission. 22 O.S. 1941 § 152.

"A limitation of the time within which a prosecution for manslaughter may be instituted, is tolled during the period when the defendant is not an inhabitant of or usually resident within the state. 22 O.S. 1941 § 153.

"The statute of limitations does not negative a single element of the crime with which a defendant may be charged. It does not put in issue the guilt of the defendant. It therefore is not necessary for the prosecution to prove that the defendant was not an inhabitant or usually resident within the state for a period of time which would have tolled the statute of limitations.

"A defendant is not entitled to his discharge on the ground that limitation has barred the commencement of a prosecution for manslaughter, merely because information charges the offense to have been committed at a time more than three years prior to the filing of the information, but in order for the accused to be entitled to a discharge the record must affirmatively disclose that during the period of time from the alleged commission of the crime to the commencement of the prosecution, the accused was an inhabitant or usually resident within the state."

In the body of the opinion it is said:

"It is provided by statute:

" 'If when the offense is committed the defendant be out of the State, the prosecution may be commenced within the term herein limited after his coming within the State, and no time during which the defendant is not an inhabitant of or usually resident within the State, is part of the limitation. R.L. 1910, § 5626'. 22 O.S. 1941 § 153.

"In construing and applying this section of the statute, this Court has consistently held that the burden is not upon the State to show by the evidence that the defendant was not an inhabitant or usually resident within the State for a period of time which would toll the statute of limitations. Coleman v. Territory, 5 Okla. Cr. 201, 47 P. 1079; Rea v. State, 3 Okla. Cr. 281, 105 P. 386, 106 P. 982; Davenport v. State, 20 Okla. Cr. 253, 202 P. 18; Crain v. State, 70 Okla. Cr. 45, 104 P. 2d 450.

"In Coleman v. Territory, supra, Justice Tarsney of the Supreme Court of Oklahoma Territory cited and dis-

cussed all of the leading American cases and text books on this subject of limitation, and came to the conclusion as stated in his opinion:

" 'In this case the question is clearly presented whether, when the prosecution has established the commission of the offense by the accused, it was also its duty to establish by evidence, beyond a reasonable doubt, its right to have the accused punished for such offense, by facts showing that he was not entitled to the benefits of the statute of limitation, or was it the duty of the defendant to establish by facts, to the satisfaction of the jury, his right to exemption from punishment by virtue of that statute? When the defense consists, not in confession and avoidance, but in the traverse of some essential fact relied on by the prosecution, and where such fact is an essential element of the offense, the burden of proof is unquestionably upon the prosecution, and it must establish such fact beyond a reasonable doubt. In determining upon which party lies the burden of proof and the degree of proof, we think a clear distinction may be drawn between cases where the defense traverses the material elements of the crime, and those which are exculpatory, or in the nature of confession and avoidance, and keeping clearly in mind this distinction will aid materially in construing apparently conflicting authorities. * * * The defense of the statute of limitations traverses no element of the crime charged. It is essentially an extrinsic defense. It does not put in issue either the guilt of the defendant, or the existence of any of the essential elements constituting his guilt of the offense charged. He simply asserts that by virtue of an extrinsic condition, not relating to the commission of the offense, but recognizing its commission, namely, a statute of repose or limitation, he is not now subject to punishment for the crime which he admits having committed. We can see no reason why the rule relating to the defense of license, authorization by the state, autrefois acquit, autrefois convict, pardon, provocation, or compulsion should not be the rule as to this defense. In fact, we think the rule applies with more reason and justice to this defense than to the others. It is not in-

equitable, oppressive, or substantially prejudicial to the safeguards which should surround the defense of one accused of crime, that if his defense does not deny the commission of the acts charged, or traverse any of the material elements of the offense, but is based upon facts wholly extrinsic, and peculiarly within his knowledge, and more readily susceptible to proof by him than by the prosecution, he should be held to establish such defense to the reasonable satisfaction of the jury. In the case at bar, as shown by this record, the prosecution, by the exercise of reasonable diligence, were not able to establish or prove that the defendant had a fixed, definite, habitation or residence within the territory. If such fact existed,—if the defendant did, in fact, during the disputed time, have a fixed, permanent residence within the territory,—that fact was peculiarly within his knowledge, and would be easily susceptible of proof by him; and we think it would be a sound rule only which would require him to make such proof.'

"In Rea v. State, supra, this court held:

" 'The statute of limitations does not negative a single element of the crime with which a defendant may be charged. It does not put in issue the guilt of the defendant. It therefore is not necessary for the prosecution to prove beyond a reasonable doubt that the offense committed is not barred by the statute of limitations.'

"In Davenport v. State, supra, this court stated:

" 'It is well settled that, where the statute of limitations is relied upon for a defense in a criminal action, the burden is upon the defendant to prove by a preponderance of the evidence any matter showing that the statute of limitations is not tolled.'

"In Crain v. State, supra, Judge Barefoot of this Court, after reviewing the authorities, cited with approval the cases of Coleman v. Territory and Davenport v. State, supra, and stated:

" 'If the rule here contended for is sound, then an offender for any crime less than murder, if he can suc-

cessfully conceal himself and avoid arrest for three years, is free from prosecution.' "

In Osborn v. State, supra, counsel for defendant excepted to the giving of an instruction on manslaughter in the first degree; but in the instant case, the record discloses that no objection or exception was taken to the action of the court in submitting the issue of manslaughter in the first degree. Furthermore, the record does not affirmatively disclose the date the prosecution was instituted. It shows that the information was filed on August 28, 1942, but it does not affirmatively disclose the date the criminal complaint was filed before a committing magistrate.

Of course, the prosecution is deemed to have commenced from the date of the filing of the complaint before the magistrate and not from the date of the filing of the information in the district court. Hicks v. State, 54 Okla. Cr. 431, 23 P. 2d 219; Jarrett v. State, 49 Okla. Cr. 162, 292 P. 888.

So far as we have been able to ascertain, this court has never issued the writ of habeas corpus for the purpose of releasing a prisoner from confinement after the prisoner has had his judgment of conviction reviewed and affirmed by this court.

In Ex parte Baker, 76 Okla. Cr. 396, 137 P. 2d 242, the rule of law applicable to situations such as here presented is stated:

"The Criminal Court of Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and questions raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal."

In the body of the opinion this court quoted from the case of In re Booth, 74 Okla. Cr. 406, 126 P. 2d 751, as follows:

" 'Criminal Court of Appeals will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody * * *.' "

Although the record of the petitioner on appeal did not show the date the prosecution was commenced and did not affirmatively show that the defendant was an inhabitant of or usually resident of this state during the period from the alleged commission of the homicide to the commencement of the prosecution so as to prevent the statute of limitations from being tolled, still, if the record had affirmatively showed that the prosecution was barred by the statute of limitations, the petitioner would not have been entitled to his release by habeas corpus.

The text-writers and cases discussing the question of limitation on the time within which prosecution may be instituted have stated that the defense of limitations is comparable to the defense of jeopardy, and it appears to us that the reasoning of this court in disposing of habeas corpus proceedings where the plea of jeopardy had been raised is applicable to a habeas corpus proceeding where the question of limitations is involved.

In Ex parte Wood, 21 Okla. Cr. 252, 206 P. 541, this court held:

"The writ of habeas corpus cannot be resorted to for the purpose of discharging a petitioner on the ground of former jeopardy. Such plea must be presented and tried in the court having jurisdiction to try the offender on

the charge for which he is in custody, and, if the decision of such court is thought erroneous, the remedy is by appeal and not by habeas corpus."

In Harris v. State, 17 Okla. Cr. 69, 175 P. 627, it is held:

"The burden is upon the defendant to show that his plea of former acquittal and former jeopardy is well founded, both in law and fact."

In Mowels v. State, 52 Okla. Cr. 193, 11 P. 2d 205, it is stated:

"The constitutional immunity against twice being put in jeopardy for the same offense may be waived by an accused. It is waived, unless an accused in some manner presents a plea of former jeopardy."

It is well settled that a writ of habeas corpus being a collateral attack upon a judgment does not lie to correct defects which are errors of law or mistakes of fact. The rule which is followed by this court and by the overwhelming majority of all jurisdictions is stated in 15 R.C.L. 352 as follows:

"The general rule is that all errors and irregularities which might have been grounds of appeal, or of motions for new trial, or to set aside a judgment of conviction, or in arrest of judgment, are not available on habeas corpus for the purpose of securing the prisoner's discharge."

In 29 C.J. 44, 39 C.J.S., Habeas Corpus, § 22, this language is found:

"The existence of a defense, which would have been good if pleaded, is not ground for habeas corpus to secure release from imprisonment under the judgment, whether such defense is in abatement or in bar and whether the question raised is one of fact dependent upon the evidence, or one of law for the court, where such defense does not go to the jurisdiction. The statute of limita-

tions is a mere matter of defense and is not a ground for discharge on habeas corpus."

In Church on Habeas Corpus, 2d Ed. 545, it is said:

"Where there is a bar, under the statute of limitations, it should be pleaded. If not, it is waived, and the prisoner can not raise the question on habeas corpus after sentence."

In Ex parte Shaffer, 70 Mont. 609, 227 P. 37, the Supreme Court of Montana stated:

"Petitioner who, when on trial for the commission of an offense, did not avail himself of facts divesting jurisdiction, could not in habeas corpus proceedings assert them as grounds of invalidity of the judgment."

Even in those states which hold that the statute of limitations constitutes an absolute bar to a prosecution, most of them hold that the fact that a prosecution was barred by limitations is not a ground for discharge on habeas corpus. In re Johnson, 117 Kans. 136, 230 P. 67; State ex rel. v. Coleman, 139 Fla. 656, 190 So. 811; Freeman v. City of Benton, 191 Ark. 1131, 89 S. W. 2d 738; Strewl v. Sanford, 5 Cir., 151 F. 2d 648; Wallace v. Hunter, 10 Cir., 149 F. 2d 59; In re Wooner, 154 Kan. 211, 117 P. 2d 608; Spencer v. Gomez, 114 Fla. 688, 154 So. 858.

If the defendant had appeared before the trial court upon arraignment and entered his plea of guilty, the information was sufficient on its face to confer jurisdiction on the court to pronounce judgment sentencing the accused to serve a term of imprisonment for the included offense of manslaughter in the first degree in the absence of any proof affirmatively showing when the prosecution was commenced and if commenced more than three years after the alleged commission of the crime then also affirmatively showing that the accused was usually resi-

dent of or an inhabitant of the state during the period of time from the date of the alleged offense to the commencement of the prosecution so that the facts would affirmatively disclose that statute of limitations was not tolled.

For all the above reasons, the writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.