## Ex parte HOLDER.

No. A-11564. July 25, 1951.

(234 P. 2d 958.)

Bill Loyd Holder, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original action by petition for writ of habeas corpus brought by Bill Loyd Holder, petitioner. Therein he alleges he is being unlawfully restrained of his liberty by the warden of the penitentiary, at the time of filing said petition, he being C. P. Burford, said warden now being Jerome Waters. Among the complaints raised in the petition, none of them challenge the court's jurisdiction of the person of the petitioner, the jurisdiction of the court over the subject matter, or the jurisdiction of the court to pronounce judgment and sentence. The complaints all relate to such matters as alleged dereliction of his counsel in preparation of the case for trial, the trial court's denial of a second continuance, failure of the state to produce Mr. Mosko as a witness at the trial, the court's refusal to subpoena the books and records of the Denver Motor Finance Company, and other things, all matters that did not affect the court's jurisdiction, but were purely matters lacking in materiality or errors of law to be raised on appeal. This court has repeatedly held that habeas corpus may not be used as a substitute for appeal. Where the petition wholly fails to state facts sufficient to warrant the discharge of the petitioner, the writ of habeas corpus will be denied. Ex parte Linam, 71 Okla. Cr. 155, 109 P. 2d 838; Ex parte Whitson, 70 Okla. Cr. 79, 104 P. 2d 980, and numerous other cases. The writ is accordingly denied.

JONES and POWELL, JJ., concur.