In re Habeas Corpus of Tommy E. BREW-STER, Eugene L. Webb, Petitioners.

H. C. McLeod, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.

No. A-12196.

Criminal Court of Appeals of Oklahoma.

May 25, 1955.

Tommy E. Brewster, Eugene L. Webb, Petitioners, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition in Habeas Corpus, brought by Tommy E. Brewster,

and Eugene L. Webb, as petitioners, whereby they seek release from the State Penitentiary, at McAlester, Oklahoma, by Writ of Habeas Corpus.

In said petition, petitioners allege that they are unlawfully detained of their liberty at the State Penitentiary of Oklahoma by Warden H. C. McLeod; said restraint is because of a judgment and sentence entered in the District Court of Coal County, State of Oklahoma, in Case No. 2458, wherein they were sentenced to two years confinement in the State Penitentiary for the crime of second degree burglary.

It is first alleged, in substance, that at the trial of Cause No. 2458, they were denied the right to introduce competent evidence in their behalf because the trial court refused to accord them the right of compulsory attendance of witnesses.

It is further alleged that they were denied the aid of counsel of their choice, and that the trial judge of said court told them he would appoint counsel for them and give them fifteen minutes to talk over their cases; that they immediately asked for a continuance for them to prepare for trial, which was denied.

Further, they allege that their conviction was had upon false testimony. Moreover, it is alleged in said petition that they were held incommunicado, while numerous promises were made to them to prevent an appeal from their convictions, and that they were threatened with greater sentences if an appeal was perfected and a reversal obtained.

The petition does not contain, nor have attached to it, a copy of the judgment and sentence complained of, and against which relief is sought herein.

To these allegations, the Attorney General has responded. The respondent admits that the petitioners are inmates, as alleged, and that they have been confined under the judgment and sentence of the District Court of Coal County, Oklahoma, in Case No. 2458, since October 5th, 1954; a copy of the judgment and sentence of said court as to Tommy E. Brewster, is attached, marked Exhibit "A"; likewise,

a copy of the judgment and sentence as to Eugene L. Webb, is attached, marked Exhibit "B", and made a part of the response. It is further urged that the judgment and sentences to petitioners are lawful and regular in every respect, and that the terms prescribed therein have not been served.

The Attorney General cites numerous authorities to the effect that Habeas Corpus may not be used as a substitute for an appeal, and that all the matters and things complained of in said petition may only be raised on an appeal. Ex parte Seale, 75 Okl.Cr. 183, 129 P.2d 862; Ex parte Story, 75 Okl.Cr. 367, 131 P.2d 773; Ex parte Monroe, 89 Okl.Cr. 358, 207 P.2d 944; Ex parte Thompson, 94 Okl.Cr. 344, 235 P.2d 955; Ex parte Gee, 84 Okl.Cr. 439, 183 P.2d 603. This clearly appears an attempt to substitute Habeas Corpus for an appeal.

Attached to the response of the State of Oklahoma is an affidavit of the trial judge, and the County Attorney, in positive terms, denying the allegations contained in the petition, and affirmatively alleging in substance, that at no time did the defendants offer any witnesses, and at no time did either of them testify in their own behalf, and at no time were there any objections raised to any questions asked by the County Attorney, and positively stating that the questions asked by the County Attorney, of the State's witnesses, were not inflammatory. Further the affidavits of both the County Attorney and the Trial Judge alleged in positive terms, specifically denying any attempt to deny them the right of counsel; that the aid of counsel was tendered them on numerous occasions prior to and at the time of trial, which was declined by the defendants, stating that they would employ their own counsel, and that at the time of trial, counsel failed to appear, and that the trial court again tendered them counsel, which they refused to make use of. Further, the affidavits positively allege that no application for continuance was ever filed by either of the defendants, and that at no time was any request ever made by the defendants for

compulsory attendance of witnesses in their behalf.

Moreover, the trial judge specifically alleges that at no time did he ever discuss with either of the defendants, an appeal.

■ The County Attorney further specifically denies that any threats, or promises, were made to either of the defendants, in connection with an appeal from the judgment and sentence herein complained of. In short, the affidavits of the trial judge and the County Attorney constitute complete response to the allegations contained in the petitioners' petition.

■ The judgments complained of herein appear to be valid on their face, and not void, as contended. It has repeatedly been held by this Court that one is not entitled to be released from the Penitentiary on a Writ of Habeas Corpus, unless the judgment and sentence under which he was serving is void. Ex parte Wright, 73 Okl.Cr. 167, 119 P.2d 97; Ex parte Hackett, 93 Okl.Cr. 82, 225 P.2d 184, wherein we said, where the judgment and sentence in a criminal case is not void on its face, Habeas Corpus will be denied.

An examination of the judgment and sentence attached to the response of the State of Oklahoma, herein discloses that the trial court had jurisdiction of the person of the defendant, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence imposed, of two years imprisonment in the State Penitentiary. Hence the judgment and sentence is not void on its face, and is not the subject of relief by Habeas Corpus. (T. 21 O.S. 1951 § 1436, provides that the maximum penalty for second degree burglary shall be seven years confinement in the Penitentiary, and the minimum shall be not less than two years in the Penitentiary.) It is obvious these petitioners received the minimum sentence under the statute. Ex parte Murray, 97 Okl.Cr. 14, 257 P.2d 327; Ex parte Motley, 86 Okl.Cr. 401, 193 P.2d 613.

For all the above and foregoing reasons, Writ of Habeas Corpus is accordingly denied.