**Matter of the Application of Robert LISTER for Writ of Habeas Corpus.**

**No. A–12205.**

Criminal Court of Appeals of Oklahoma.

July 20, 1955.

Robert Lister, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

JONES, Presiding Judge.

This is an original action in habeas corpus instituted by Robert Lister for the purpose of securing his release from confinement in the penitentiary.

The petition alleges that Lister was convicted on September 16, 1953, in Case No. 1625, in the District Court of Custer County for the crime of murder and was sentenced to life imprisonment in the state penitentiary. The petition is a repetition of the "Mother Hubbard" petitions for habeas corpus which we have been receiving from the penitentiary in recent weeks. It is unverified and contains all of the miscellaneous allegations which the person who prepared the petition thought would constitute a ground for discharge of the prisoner. It is readily apparent that although the petition is signed by petitioner, it was not prepared by him.

We called upon the Attorney General to make an investigation of this case and he has filed a detailed response to the petition. In addition private counsel employed by petitioner after the petition was filed made an investigation and reported to this court that the only questions involved were matters which should have been presented by appeal.

The petitioner was convicted in the District Court of Custer County for murder. He was represented by counsel. No appeal was taken from the judgment of conviction. The information against the accused was filed on July 18, 1953, and he was not tried until September 11, 1953. The killing was admitted by the accused, but he claimed he acted in self-defense. This raised an issue of fact for the determination of the jury. If it had been felt that reversible error had been committed in the trial of the case, an appeal from the judgment should have been taken within the time fixed by law. The six months period for taking an appeal having long since expired, the petitioner may not now attempt to raise matters in habeas corpus which should have been presented by an appeal as habeas corpus may not be substituted for an appeal. Ex parte Monroe, 89 Okl.Cr. 358, 207 P.2d 944.

We are firmly convinced that there is absolutely no merit to the petition filed herein and the writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.