In the Matter of the Application of Bennie Mack BARNES for Writ of Habeas Corpus.

No. A–12234.

Criminal Court of Appeals of Oklahoma.

Oct. 26, 1955.

Bennie Mack Barnes, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, Presiding Judge.

This is an original action in habeas corpus wherein the petitioner, Bennie Mack Barnes, seeks to secure his release from confinement in the state penitentiary.

The petition is in general terms but because of the allegations in one paragraph, we directed that a response be filed. In paragraph three of the petition it is alleged that the petitioner is an aged, illiterate Negro who had never been in trouble or had any court experience, but acting through coercion was induced to enter a plea of guilty to a murder charge without the benefit of counsel. .

In the response it was shown that the petitioner was jointly charged with his wife with the crime of murder and each of them was sentenced to serve a term of life imprisonment in the penitentiary after the entry of a plea of guilty. It was alleged that all the proceedings in connection with the entry of said plea were regular and legal and that the accused both at his preliminary examination and at his arraignment in the district court had counsel of his own choosing to represent him.

The present county attorney of Jackson County swore that he was the assistant county attorney at the time a charge of murder was filed against the accused and his wife Dorothy Barnes. . That they were charged with choking to death the five year old daughter of Dorothy Barnes. That the defendants had an attorney of their own choosing at the preliminary examination and when the accused and his wife appeared for arraignment in the District Court of Jackson County this attorney was appointed by the court to continue as the attorney for the accused and his wife. That after full and free consultation with their attorney, each of the accused entered a separate plea of guilty to the crime of murder as alleged in the information and were duly sentenced to serve a term of life imprisonment in the penitentiary.

It is established law that habeas corpus may not be used as a substitute for an appeal and that the function of the Criminal Court of Appeals in habeas corpus proceeding is not to determine guilt or innocence of petitioner but to determine whether he is restrained of his liberty by due process of law and whether the court which rendered judgment imposing sentence was without jurisdiction. In re Lister, Okl.Cr., 285 P.2d 1046.

The petition itself is too general in its nature to afford a basis for the issuance of the writ. It did not even set forth the nature of the crime allegedly committed by the accused nor the court wherein the sentence was pronounced. But taking every precaution to see that no one is incarcerated without due process of law, we have undertaken to determine the facts surrounding the pronouncement of the sentence and we have been furnished with no evidence which would justify us in discharging the prisoner from custody.

Writ denied.

BRETT and POWELL, JJ., concur.