**In the Matter of the Habeas Corpus of Chester F. HIBBS, Petitioner.**

**No. A–12554.**

Criminal Court of Appeals of Oklahoma.

March 5, 1958.

Chester F. Hibbs, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is a petition for writ of habeas corpus by Chester F. Hibbs whereby he seeks his release from the state penitentiary at McAlester, Oklahoma.

■ The record reflects that petitioner is confined in the state penitentiary by virtue of a conviction in the District Court of Oklahoma County, for the crime of first degree burglary, after a former conviction of a felony wherein petitioner was sentenced to serve the term of 99 years in the Oklahoma State Penitentiary, and as of this date said sentence is not fully served. The record of this court reveals that this petitioner filed a writ of habeas corpus involving the same subject matter January 12, 1948, that was denied by this court and was reported in Okl.Cr., 190 P.2d 156. It has been repeatedly held that this court will not entertain a subsequent application of writ of habeas corpus based on the same grounds and same facts as prior application. Ex parte Davis, 74 Okl.Cr. 75, 123 P.2d 300; Ex parte Peaker, 87 Okl.Cr. 139, 194 P.2d 893. However, this court has given careful consideration to the contention of petitioner and also has made a thorough review of the previous case filed herein. The petitioner bases his latest grounds for a writ largely upon the question of cruel and unusual punishment. The court finds that this matter was discussed at length by Judge Barefoot in the early case as follows: [190 P.2d 158.]

"We have carefully examined the cases cited in petitioner's brief, and they are in accord with the principles announced above. The record in no way discloses that petitioner was denied 'the equal protection of the law' or compelled to be a witness against himself, or that he received 'cruel and unusual punishment' in contravention of the constitution of the United States.

"The defendant in this case received a sentence of ninety-nine years in the penitentiary. This is, of course, a long sentence, but the Legislature of this state in 1943, 1945 and 1947 created a pardon and parole board, and one of the duties of this board is to make recommendations to the Governor of the State as to pardons and paroles of those confined in the criminal institutions of this state. This board is now organized and under its rules and regulations frequent visits are made to the penal institutions of the state for the purpose of making investigations of the inmates thereof, and as to whether recommendations should be made to the Governor for their pardon and parole. This avenue is open to this petitioner, and all others, subject to the rules and regulations provided by said board. It is provided by the Act of 1947, p. 343, § 1, Tit. 57 O.S.1941, § 332.7, cumulative edition:

" 'It shall be the duty of the Pardon and Parole Officer, with or without application being made, to cause an examination to be made at the penal institution where the person is confined, and to make inquiry into the conduct and record of the said * * * penal institution, and thereafter said Pardon and Parole Officer shall report to the Pardon and Parole Board his findings, which shall be considered as a basis for consideration of said person for recommendation to the Governor for parole.'

"This is a very fine provision of the law, and affords an opportunity to petitioner and all others who are confined in the penal institutions of this state to present their cases to an eminently qualified board for proper consideration—a board which may not only consider 'justice', to which the courts are limited, but may extend 'mercy', as the facts in each individual case may justify."

■ The matters raised by the petitioner were matters to be determined by direct appeal which was not perfected. This court has consistently held that a

writ of habeas corpus may not serve as a substitute for an appeal. Your writer is not familiar with the facts upon which petitioner was convicted. We have before us only the information and judgment and sentence. The information charges defendant with having committed the crime of burglary in the first degree. It alleges that petitioner broke into an apartment at night and stole a lady's purse containing $15 and a cigarette lighter, cosmetics and a small bank containing $4. The punishment for such crime under the statutes provides 7 years minimum and 20 year maximum. However, the information also charged that defendant had previously been convicted of the crime of robbery with firearms, attempted rape, and larceny of an automobile. These convictions were all on the same day, November 28, 1928, 10 years previous to the trial of the case at bar. No doubt the jury gave great prominence to defendant's past record in assessing 79 additional years by reason of previous conviction of a felony. This may have entitled defendant to relief had it been appealed to this court, but it was not and time for appeal has long since expired. Therefore, we are helpless to grant relief by way of habeas corpus.

■ This court has held in innumerable cases that where it appears that the trial court had jurisdiction of person of defendant, jurisdiction of subject matter and authority under the law to pronounce the judgment and sentence imposed, relief by habeas corpus may not be had against judgment and sentence. In re Brewster, Okl. Cr., 284 P.2d 755; In re Brown, Okl.Cr., 305 P.2d 593; In re Boyd, Okl.Cr., 302 P.2d 494.

The writ is therefore denied. This decision is being called to the attention of the Pardon and Parole Board with an earnest request that the matter be checked into to ascertain if the petitioner is entitled to executive clemency. Writ denied.