Application of Bert MILLER, for Writ of Habeas Corpus, H. C. McLeod, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12706.

Criminal Court of Appeals of Oklahoma.

Feb. 4, 1959.

Bert Miller, pro se.

Mac Q. Williamson, Atty. Gen., by Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Bert Miller seeks release by way of writ of habeas corpus from his confinement in the Oklahoma State Penitentiary. It is alleged in petition that petitioner was sentenced in the district court of McCurtain County to a term of life for the crime of murder; that he was not afforded a fair and impartial trial; that the trial court would only allow three of his twenty witnesses to testify; that he was convicted on false evidence; that he killed in self-defense, and set out are the purported facts of the difficulty, and affidavits of persons expressing sympathy for him.

Upon the filing of petition, rule to show cause was issued and the respondent, H. C. McLeod, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, has filed response, attached to which is photostatic copy of the judgment and sentence for life, showing that the petitioner, Bert Miller, was sentenced on June 16, 1943; that he had been charged with murder, was represented by attorney C. D. Wilkinson, was duly arraigned on the charge and thereafter tried before a jury and found guilty; and that he filed a motion for new trial but withdrew said motion and the court thereupon sentenced the petitioner in accordance with the verdict of the jury, to life imprisonment.

Respondent states that the petitioner does not allege facts sufficient, as a matter of law, to entitle him to the relief prayed for in his petition. We must so hold. We have said many times that the writ of habeas corpus does not serve as an appeal and review of the facts. Ex parte Hummingbird, 78 Okl.Cr. 33, 143 P.2d 166; Ex parte Monroe, 89 Okl.Cr. 358, 207 P.2d 944; Ex parte Hibbs, Okl. Cr., 322 P.2d 654.

We have further said that only where the record and evidence reveals the judgment void will relief be granted by habeas corpus. In re Duty, Okl.Cr., 318 P.2d 900.

The question of whether the trial court erred in not permitting certain of petitioner's witnesses to testify, the question of perjury of certain of State's witnesses, etc., were matters to be presented to the trial court in a motion for new trial, and to this court on appeal. The action of the defendant in withdrawing his motion for new trial and asking that sentence then be imposed precludes this court from

reviewing the purported facts of the homicide in question.

The petition for writ of habeas corpus is accordingly denied.

NIX and BRETT, JJ., concur.