**Application of Bob FREELS for Writ of Habeas Corpus.**

**No. A–12677.**

Court of Criminal Appeals of Oklahoma.

March 25, 1959.

Rehearing Denied April 15, 1959.

———◆———

Ralph A. Myers, Jr., El Reno, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Bob Freels seeks release from the State Penitentiary at McAlester where he is presently confined by reason of a judgment of the district court of Canadian County, sentencing him to serve 15 years, based on a jury verdict finding him guilty of attempting to rape a 12 year old girl. He appealed to this Court from said conviction, and the case was affirmed. See Freels v. State, Okl.Cr., 320 P.2d 731, for abstract of the evidence supporting conviction. The evidence showed that the petitioner here and others caused the prosecutrix to become intoxicated and petitioner in his testimony detailed the undressing of prosecutrix and claimed that he only attempted to rape her, but she swore that one Gene Ring held her while petitioner raped her.

To support his petition, Bob Freels now claims that he committed perjury in testifing at his trial that he attempted to rape prosecutrix. He claims that his then attorney, Duane G. Lobaugh, instructed him to so testify. And to support this contention, he first sought release by way of habeas corpus filed in thhe district court of Pittsburg County. There petitioner swore that his attorney advised him to say that he intended to have intercourse with the little girl, but did not, but when petitioner was testifying he asked him if he

"attempted" to, and he said that he followed the cue and answered that he did attempt to.

Petitioner produced Gene Ring, a co-defendant, now serving a term in the State Penitentiary for conviction on the same charge. Ring said that he heard attorney Lobaugh tell Bob Freels that it would be better for him to be convicted of "attempt" to rape, than for raping the girl. Henry Ring testified to the same effect.

R. B. Freels, father of Bob, testified that he and one E. J. Gossman went to see attorney Lobaugh after he heard that Lobaugh wanted his son to say that he attempted to rape the girl, but did not, and told the attorney that such would be the same as pleading guilty, and that he did not want a plea of guilty entered.

The district court of Pittsburg County denied the writ, and subsequently the within original action was filed in this court.

All of the above were matters that should have been called to the attention of the trial court and set out in motion for new trial, and in petition in error to this court. We have re-examined the record in case No. A–12,492, and find that the appeal was on other grounds. The evidence on the part of the State was overwhelming of defendant's guilt, not only of attempting to rape, but of raping the 12 year old girl, so that the jury was very lenient in finding the petitioner guilty of his admitted "attempt", and such admission well may have been the cause of the finding of guilt of the lesser crime. The greater crime is punishable by death or imprisonment in the penitentiary, not less than 15 years, in the discretion of the jury. 21 O.S.1951 § 1115.

■ The Attorney General points out that this court has repeatedly held that the writ of habeas corpus cannot be resorted to as a substitute for appeal. In other words, the questions now raised, though they were not, should have been raised on appeal. See Ex parte Holder, 94 Okl.Cr. 270, 234 P.2d 958; Ex parte Washington, 92 Okl.Cr. 337, 223 P.2d 552.

■ No facts are alleged that would entitle the petitioner to the writ sought. The petition for writ of habeas corpus is therefore denied.

NIX and BRETT, JJ., concur.