Mackie SKINNER, Petitioner,

v.

Robert R. RAINES, Warden Oklahoma State Penitentiary, Respondent.

No. A–12725.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1959.

Mackie Skinner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

 Mackie Skinner, petitioner, seeks release from the State Penitentiary at McAlester. Petitioner alleges that he was arrested on February 20, 1950, placed in the county jail at Wewoka, and charged with forgery, second degree, but after several months in jail the charges were dismissed and he was released.[1] He recites various other counties where he was taken for investigation, and that this ended up with his

being returned to Seminole County and the original forgery charge being refiled on April 4, 1951. Petitioner alleges that he was tried on this charge, convicted and sentenced to four years imprisonment in the State Penitentiary.

For grounds for relief, petitioner alleges that he was not given the right or opportunity to secure an attorney of his own choice, but was assigned a court-appointed attorney; and that the FBI investigated him, and did not file charges[2].

Petitioner alleges that immediately upon conviction in Seminole County, he gave notice of appeal to the Court of Criminal Appeals. He alleges that he was convicted on false testimony. He states in a letter that he employed an attorney to conduct his appeal; that the attorney told him that he could get him out of jail for $2,000, permitting him to pay half down and the balance at $20 per month; that his attorney advised him that he would have to go on to the penitentiary and spend one night; that his attorney came the next day to the penitentiary and secured his release by court order by reason of having filed an appeal bond; that his attorney assured him that he would never have to go back to prison, but that said attorney failed to do anything further in the case.

He alleges that in July, 1958 there was a hearing before Judge Bob Aubrey (Superior Court Judge, Seminole County) and at that time Mr. Tom Smith, former county attorney of Seminole County, testified that petitioner had been convicted on false and spurious testimony, and that Mr. Smith stated that he was convinced of petitioner's innocence, and that Judge Aubrey ordered petitioner released. A transcript of the testimony is not attached to the petition, nor is a copy of the order, and the nature of the hearing is not stated.

There is a subsequent order, dated November 17, 1958, signed by Bob Aubrey,

1. Where jeopardy had not attached by statutory provision, the charge might be refiled. 22 O.S.1951 § 817; Ex parte Warford, 3 Okl.Cr. 381, 106 P. 559; Ex parte

Warrenburg, 63 Okl.Cr. 125, 73 P.2d 476.

2. The FBI would only be interested where some Federal statute had been violated.

Judge of the Superior Court of Seminole County, where an appearance bond was forfeited, and it is shown that petitioner was returned to the State Penitentiary at McAlester on December 2, 1958, where he has ever since been incarcerated, serving the sentence of four years imposed in 1951, as heretofore recited, by the Superior Court of Seminole County.

The appeal was never perfected to this Court, and petitioner would no doubt still be at large if a subsequent diligent county attorney had not discovered that the appeal had not been filed.[3]

■ The question of the guilt or innocence of the petitioner of the crime for which he was convicted may not be inquired into by way of petition for writ of habeas corpus. Tartar v. Burford, Warden, 93 Okl.Cr. 281, 227 P.2d 422, certiorari denied Paul v. Burford, 341 U.S. 922, 71 S.Ct. 738, 95 L.Ed. 1355; Nelson v. Burford, Warden, 92 Okl.Cr. 224, 222 P.2d 382.

■ And writ of habeas corpus cannot be invoked for purpose of reviewing questions of perjury of witnesses, for this would require a record of the testimony at trial. In re Macon, Okl.Cr., 335 P.2d 651.

■■ The sufficiency of the evidence to sustain a conviction can only be raised by appeal, and not by habeas corpus. In re Lewis, Okl.Cr., 339 P.2d 799. And this Court has repeatedly held that the writ of habeas corpus cannot be resorted to as a substitute for appeal. Ex parte Holder, 94 Okl.Cr. 270, 234 P.2d 958; Ex parte Washington, 92 Okl.Cr. 337, 223 P.2d 552.

Writ denied.

NIX and BRETT, JJ., concur.

3. A survey of the records of every Court Clerk in Oklahoma made prior to the convening of the 1953 Legislature disclosed that many convicted persons remained at large for years and some never served their sentences, by the device of giving notice of appeal and furnishing appeal bond, and new county officials would be elected, and no one would ever check the matter, unless some energetic and dedicated official would happen to do so. Counsel would usually claim that they proceeded no further with appeal because their client failed to pay their fee. The matter was remedied by the amendment of several sections of the statutes, so that there is a follow-up of all cases reaching this court on appeal, and a follow-up by the court clerk of a court where notice of appeal may have been given, bond furnished, but appeal not further perfected. The county attorney, of course, would participate on any recovery of a forfeited appeal bond. Sec. Laws 1953, p. 98, § 1.