In re Fay JONES, Petitioner,

Robert R. Raines, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12817.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1960.

Fay Jones, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

Fay Jones, now confined in the State Penitentiary by reason of conviction in the district court of Tillman County on a charge of murder, and where he was sentenced to imprisonment for life, now seeks his release by way of writ of habeas corpus.

Petitioner duly appealed from the verdict and judgment in question to this Court and his sentence for murder was reduced to the included offense of manslaughter in the first degree with the punishment reduced from life to thirty years' imprisonment in the State Penitentiary. See Jones v. State, 1951, 94 Okl.Cr. 359, 236 P.2d 102.

Petitioner now alleges that his conviction was the result of false evidence and perjured testimony, and by suppression of evidence by the prosecuting authorities. The witness complained about was Mary Laing.

Complaint is made that one of petitioner's attorneys did not show proper diligence in representing him. In fact, all complaints involve a review of the record.

This Court has time and again said that habeas corpus does not serve as an appeal and review of the facts, and that only where record and evidence reveal the judgment to be void will relief be granted by habeas corpus. See Application of Miller, Okl.Cr., 335 P.2d 652; Ex parte Holder, 94 Okl.Cr. 270, 234 P.2d 958; Ex parte Washington, 92 Okl.Cr. 337, 223 P.2d 552; Application of Freels, Okl.Cr., 337 P.2d 754; In re London, Okl.Cr., 321 P.2d 722.

The record in question has already been painstakingly and exhaustively reviewed, as will be disclosed by reading Jones v. State, supra.

In the case of In re Vassar, Okl.Cr., 338 P.2d 359, this Court quoted with approval from In re Booth, 74 Okl.Cr. 406, 126 P.2d 751, as follows:

"The Court of Criminal Appeals will not issue writ of habeas corpus where accused has appealed his judgment of conviction, the judgment is affirmed and question raised in habeas corpus proceedings were in existence and known to petitioner at time of appeal and were matters which properly should have been presented by appeal." [338 P.2d 359.]

See also In re York, Okl.Cr., 283 P.2d 567; In re Goff, Okl.Cr., 312 P.2d 902; Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119.

We take notice that counsel who represented defendant were recognized as leaders of the Bar in southwestern Oklahoma.

This Court in the appeal was most indulgent in protecting the rights of this petitioner, and he apparently was satisfied with the reduction of the life sentence to

thirty years, and has waited some eight years to complain.

We have no jurisdiction in this proceeding to entertain the matters now sought to be raised.

Writ denied.