THE MISSOURI PACIFIC RAILWAY COMPANY v.
WILLIAM O. PARK.

No. 12,766. ( 71 Pac. 586.)

SYLLABUS BY THE COURT.

STATUTORY CONSTRUCTION—*Railroad Contracts—Invalid Act.*
When a legislative act, by certain of its sections, creates a board or other tribunal, and in a separate section provides that contracts in themselves lawful shall not thereafter be made unless permitted by order of such board, and thereafter another tribunal is created in lieu of such board, and the sections which created the board are expressly repealed and the board abolished, but the section requiring an order from the board as a condition precedent to the making of such contracts is not repealed, such section, being dependent upon the main provisions of the act, becomes, by implication, inoperative and void.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed February 7, 1903. Reversed.

*Waggener, Horton & Orr*, for plaintiff in error.
*Henry Elliston*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This action was brought by Park against the railway company to recover damages for injuries done to two cars of cattle shipped by plaintiff from Netawaka, Kan., to Kansas City, Mo. The contracts of shipment between the parties were in

writing, and, among other provisions therein contained, is found the following:

"As a condition precedent to any damages, or any loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or to the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of the stock at destination, to the end that such claim may be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

The jury found, in response to special questions, that this provision of the contract was not complied with on the part of the shipper. There was a general verdict, with judgment for plaintiff, from which this proceeding in error is prosecuted.

The jury having found specially that plaintiff failed to perform this provision of his contracts, prerequisite to a recovery of damages on his part for injuries to the cattle, and as no valid excuse for non-performance is shown, under former decisions of this court the judgment must be reversed unless the contracts are invalid and non-enforceable. (*Railway Co. v. Kirkham*, 63 Kan. 255, 65 Pac. 261; *Sprague v. Mo. Pac. Rly. Co.*, 34 id. 347, 8 Pac. 465; *Goggin v. K. P. Rly. Co.*, 12 id. 416.)

The principal contention of counsel for defendant in error, however, is that the provision in the contracts of shipment in this case, requiring notice of the injury and claim for damages, changes or limits the common-law liability of the railway company, and that, as no order of the board of railroad commissioners author-

izing the making of such contract was shown, this clause in the contracts is invalid and non-enforceable under section 13, chapter 124, Laws of 1883 (Gen. Stat. 1899, § 5741). So much of this section as is deemed applicable reads as follows :

"No railroad company shall be permitted, except as otherwise provided by regulation or order of the board, to change or limit its common-law liability as a common carrier."

Conceding for the purposes of this case, without so deciding, that the clause of the contracts above quoted changed or limited the common-law liability of the railway company, and that no order of the board of railroad commissioners authorizing the making of the contract in question was shown, yet we think the contention of counsel is unsound, as applied to the facts of this case. It must be conceded that, in the absence of a prohibiting statutory provision, it was permissible for the parties to contract for notice of injury to the cattle, and of any claim for consequent damages, as was done in this case. The contracts of shipment were made and the cattle shipped thereunder on May 24, 1899. Prior to this time the legislature enacted chapter 28, Laws of 1898 (Gen. Stat. 1899, §§ 5779–5820), creating the court of visitation in lieu of the board of railroad commissioners, and at the same session enacted chapter 29, Laws of 1898, the title to which act reads as follows :

"An act repealing all acts and parts of acts relating to the board of railroad commissioners."

The body of the act attempts to repeal the former act of 1883, creating a board of railroad commissioners, by reference to the sections of that act as they appear in the General Statutes of 1889. By comparison it is seen that section 13 of the act of 1883 (Gen. Stat. 1899,

§ 5741) is not expressly mentioned as repealed, but, as the repealing act in express terms repealed the provisions of the act of 1883 creating the board of railroad commissioners, and abolished that board, so that at the time the contracts in question were made no such board existed to which application for permission to make the contracts in question could be presented, to hold the contracts in question invalid and non-enforceable because not authorized by a board not in existence would be, in effect, to hold that the section of the act not expressly repealed operates to prohibit absolutely the making of the contracts in question, a proposition which has not been presented to, or passed upon by, the legislature of the state. This we cannot do. It must be said, we think, that that section, in so far as it refers to the board of railroad commissioners, is inoperative and non-existent.

It follows that the judgment must be reversed and judgment ordered in favor of the defendant on the special findings of the jury.

All the Justices concurring.