No. 32,234

THE STATE OF KANSAS, *Appellant,* v. CLAUDE WILLIAMS, *Appellee.*

(42 P. 2d 561)

Opinion filed April 6, 1935.

*Clarence V. Beck,* attorney-general, *Charles Carpenter,* county attorney, *Paul W. Stephens,* of Neodesha, and *E. D. Mikesell,* of Fredonia, for the appellant.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: An information was filed against Claude Williams charging him with unlawfully and feloniously drawing and delivering a check, commonly called a draft, on the Cudahy Packing Company on December 27, 1932, a corporation with a place of business in Wichita; that it was signed by the defendant, Claude Williams, and was delivered to the State Bank of Fredonia, and he obtained money amounting to $400, when the defendant knew he had no funds on deposit and no credits with the Cudahy Packing Company with which to pay said check or draft upon its presentation, contrary to the statutes on the subject.

This was an attempt to prosecute a violation of the "worthless-check statute," and the question presented is, Does the act of the defendant fall within the statute? The motion to quash the information raises the question as to whether the Cudahy Packing Company is a depository. Is it a bank or depository within the meaning of the act? The trial court held that it was not, and sustained the motion to quash the information, and the state appeals from the decision. The statute provides:

"It shall be unlawful for any person, corporation, or partnership, to draw, make, utter, issue or deliver to another any check or draft on any bank or depository for the payment of money or its equivalent, knowing, at the time

of the making, drawing, uttering or delivery of any such check or draft as aforesaid that he has no funds on deposit in or credits with such bank or depository with which to pay such check or draft upon presentation." (R. S. 21-554.)

The act forbidden states that it shall be unlawful to draw or deliver a check on any bank or depository when there are no funds in the bank or depository drawn on to meet the check. The bank or depository named is a place where money is deposited from which the check may be paid, and the Cudahy Packing Company, as its name indicates, is not a bank or depository of money with which to pay checks drawn on it. The statute provides that it shall be a bank or place like it, where money is deposited subject to be drawn out on a check or draft. There may be some other institutions, like trust companies or treasuries, where money is deposited subject to be drawn out at the option of the drawer, but it is insisted that a packing house where animals are sold and slaughtered is not one of these. The animals sold or shipped to a packing plant are not deposited there to be drawn out in kind, but to be converted into food products and resold to consumers. The statute is plain that the place must be one where money is deposited to be drawn out on the option of the depositor; and not animals, goods and articles, such as are carried by a packing house and other dealers in manufactured goods.

Defendant cites *State v. Avery*, 111 Kan. 588, 207 Pac. 838, which was a bank case and which gave no occasion to define a depository. As will be seen, it determines the elements of the offense, distinguishes the case from false token or the false pretense group of crimes where intent to defraud is required to be shown. The court held that the worthless check must be willfully drawn, knowing at the time there is no fund deposited to meet it. It was there said that the object of the statutes was to discourage overdrafts and bad banking and to stop the practice of check-kiting and avert the mischief to trade and commerce which the circulation of worthless checks inflicts.

Where there was no definition of a depository, what was said about the purpose of the act to avert bad banking, makes it plain that only banks or like institutions were included in the term depository. The packing company is not a depository of money in the sense of the act, and we therefore hold that the information was rightly quashed by the court.

The judgment is affirmed.