NEW AMSTERDAM CASUALTY COMPANY *v.* O'DELL.

4-4445

Opinion delivered November 30, 1936.

*Buzbec, Harrison, Buzbee & Wright,* for appellants.
*Compere & Compere,* for appellees.

MEHAFFY, J. Some time in May, 1932, the appellee, Bruce O'Dell, and O. H. Lindsey robbed the Bank of Portland, Arkansas, of something more than $9,000. O'Dell and Lindsey were arrested, and had in their possession at the time of their arrest a considerable sum of money and an automobile. The automobile was in possession of appellee O'Dell.

The prosecuting attorney, some time in June, 1932, filed a petition in the Ashley circuit court to require the sheriff to hold the property taken from O'Dell and Lindsey. O'Dell and Lindsey were thereafter indicted and convicted.

The appellants, New Amsterdam Casualty Company and Hartford Accident & Indemnity Company, filed an intervention in the circuit court, in which they claimed that some time prior to the bank robbery they had issued policies, agreeing to indemnify said Portland Bank for loss by burglary and robbery. After the robbery appellants reimbursed the bank, and by the terms of the policies became subrogated to the rights of the bank, and claimed that they were entitled to both the money and the automobile.

The circuit court made an order requiring the sheriff to hold the property taken from O'Dell and Lindsey, and to subject the same to the lien of the State of Arkansas for the use of Ashley County for costs in cases of *State of Arkansas* v. *Bruce O'Dell and O. H. Lindsey.*

The court found upon oral testimony that $1,176 was in the hands of the sheriff, money which was stolen by O'Dell and Lindsey from the Portland Bank, and found in possession of O'Dell at the time he was apprehended and arrested in St. Louis, Missouri, an automobile, and held that the State of Arkansas, for the use of Ashley county, had a lien on the automobile in the possession of the sheriff of Ashley county, under the order made June 8, 1932; that execution for the costs be issued and levied upon the automobile, and that said automobile be advertised and sold, and the proceeds of said sale applied first to the payment of costs of sale, next to the payment of the costs adjudged against Bruce

O'Dell, and the balance be held subject to the further orders of the court.

The appellants, New Amsterdam Casualty Company and Hartford Accident & Indemnity Company, filed a motion asking permission to strike from their intervention that portion of their prayer asking the court for an order directing that the Ford automobile described in the intervention of appellants be delivered to them, and for cause stated: "That since filing the intervention they have brought a suit in equity, alleging among other things that said automobile was purchased by the said Bruce O'Dell with money stolen from the Portland Bank, and asking that those in possession of the automobile be decreed to have been and to be holding said automobile in trust for them."

There is some controversy as to whether this motion to strike was made before or after the order of the court, but as we view the matter this is immaterial. The suit in chancery court was brought by appellants against Bruce O'Dell and John C. Riley, as sheriff of Ashley county. They alleged in their complaint that O'Dell was wholly insolvent, and they prayed that a restraining order be issued against John C. Riley, as sheriff of Ashley county, restraining him from permitting said automobile to get out of his possession or beyond his control, pending the final hearing of the case, and asking that in as much as the automobile would be greatly damaged in value, that they be permitted to give bond in a sum fixed by the court.

J. C. Riley filed an answer in the chancery court stating that he had no interest except as custodian, and the expense incurred as such custodian amounted to $32.25. Thereafter John C. Riley filed answer, and the prosecuting attorney filed an intervention for Ashley county. In the answer and intervention it was alleged that the title to said automobile was in litigation, and the right of Ashley county was put in issue, and that the order of the Ashley circuit court, based on the petition filed by the prosecuting attorney, in which the appellants intervened, and that the matters in issue there were adjudicated as shown by the order of the circuit

court; that it was there adjudged: "That Ashley county has a lien on the automobile now in the possession of John C. Riley under said order for all costs in the cases of the state of Arkansas against Bruce O'Dell, and that execution for costs be issued and levied upon said automobile."

It was alleged that the costs amounted to $398.45. They alleged that, in the suit in circuit court, the appellants voluntarily intervened and contested the right of Ashley county in her claim for costs out of said moneys held by Riley; that the circuit court held that the moneys belonged to appellants, and that Ashley county had a lien on the automobile under the order theretofore made.

It is undisputed that the suit in Ashley county circuit court was for the money and the automobile; that the appellants intervened claiming both; that the circuit court adjudged the money to belong to appellants, and ordered it turned over to them, which was done, and held that Ashley county had a lien on the automobile for the costs, $398.45. There was no appeal taken from this judgment, and if the circuit court had jurisdiction, the judgment is binding on all parties to the litigation, and is a bar to the suit in chancery court for the possession of the automobile. The only question then is, did the circuit court have jurisdiction?

Section 11 of article 7 of the Constitution provides: "The circuit court shall have jurisdiction in all civil cases, the exclusive jurisdiction of which may not be vested in some other court provided for by this Constitution."

This suit in the circuit court was to enforce the collection of costs incurred in the arrest and prosecution of O'Dell, and the circuit court alone had jurisdiction to try that issue.

Section 3270 of Crawford & Moses' Digest reads as follows: "The property, both real and personal, of any person charged with a criminal offense, shall be bound from the time of his arrest, or the finding of an indictment against him, whichever shall first happen, for the payment of all fines and costs which he may be adjudged to pay."

The petition in the circuit court not only alleged that this car was found in the possession of O'Dell, but it alleged that he was the owner, and this was the issue to be tried, and the issue that was tried in the circuit court. The only evidence in the record that it was bought with money stolen from the Portland Bank is the affidavit of one of the robbers, O'Dell. But that very question was the one that was tried by the circuit court. When the appellants filed their motion to strike, they did not question the jurisdiction of the court to determine this question. The same question was involved as to the money, and the circuit court gave judgment in favor of the appellants for the money, and they accepted it.

Section 3271 of Crawford & Moses' Digest provides for the manner of collecting costs, and provides for issuing executions.

Section 2230 of Crawford & Moses' Digest reads as follows: "Circuit judges shall have power to order the payment of all costs or expenses incident or necessary to a speedy and efficient administration of justice in their respective courts, and to enforce such payment; and they shall have full power to enforce the prompt payment of such expenses from any county in their respective circuits."

The complaint of the prosecuting attorney alleged that O'Dell was the owner of the automobile. The intervention of appellants denied this. This question was tried by the court, and the circuit court unquestionably had a right to try this issue, and having decided it, and no appeal having been taken from this judgment, it was a bar to the suit in the chancery court.

Having reached the conclusion that the circuit court's judgment was a bar to the proceedings in chancery court, it becomes unnecessary to discuss the other questions raised in the briefs.

We find no error, and the decree is affirmed.