No. 41,310

VIRGIL GAIL LAWTON, *Petitioner,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent.*

(331 P. 2d 886)

Opinion filed November 8, 1958.

*Samuel C. Jackson,* of Topeka, argued the cause and was on the brief for the petitioner.

*John A. Emerson,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the respondent.

*Tom Crossan,* of Independence, argued the cause, and *Glen Tongier,* of Coffeyville, was with him on the brief for Tom Crossan, County Attorney of Montgomery county, *amicus curiae.*

The opinion of the court was delivered by

JACKSON, J.: Virgil Gail Lawton, who is confined in the state penitentiary at Lansing, brings this original petition for a writ of habeas corpus, and alleges that he was convicted under the provisions of G. S. 1949, 21-2311 of the crime of possession of marijuana and sentenced to serve a term of from one to five years in the penitentiary for the first offense; that he was charged with having marijuana in his possession on or about December 17, 1957; that the

trial and conviction of petitioner took place in the district court of Montgomery county on February 1, 1958. Petitioner further alleges that the legislature during the session of 1957 enacted the uniform narcotic drug act (Laws 1957, Chap. 338), which became effective on July 1, 1957, and now appears as G. S. 1957 Supp. 65-2501, *et seq.* Petitioner further claims that the uniform narcotic drug act covers the whole field of the regulation of the narcotic drugs, the illegal use thereof, and is inconsistent with the earlier act, G. S. 1949, 21-2311; that the later act must be held to have repealed the earlier by implication. He particularly points out that under the uniform act the first offense for illegal possession of drugs is made only a misdemeanor, instead of a felony as provided in G. S. 1949, 21-2311.

Petitioner claims that his conviction and sentence is void since the statute under which he was convicted had been repealed and no longer exists.

The respondent admits all of the above facts, but denies petitioner's conclusions therefrom and particularly that Section 21-2311 was repealed by implication by the uniform narcotic drug act and maintains petitioner's conviction is entirely valid.

Respondent's principal argument to refute the contentions of the petitioner is that the old act did not cover physicians, druggists and others who were authorized to possess narcotic drugs and that the new uniform narcotic drug act only purports to regulate those persons who are authorized to use and possess narcotic drugs.

In the first place, G. S. 1949, 21-2311 did mention pharmacists, physicians, dentists and veterinary surgeons. It may be supposed that if these professional people had wrongfully used narcotic drugs, they might have been subject to prosecution under the old act. Moreover, upon a careful study, the assertion that the new act only covers such people proves to be incorrect. In G. S. 1957 Supp., 65-2501, we find definitions of certain words used in the act. Paragraph numbered (1) reads:

" 'Person' includes any corporation, association, co-partnership, or one or more individuals."

Paragraph numbered (13) reads as follows:

" 'Cannabis' includes all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks

of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

and paragraph numbered (18) defines narcotic drugs as follows:

" 'Narcotic drugs' means coca leaves, opium, cannabis, isonipecaine, amidone, isoamidone, ketobemidone and every other substance neither chemically nor physically distinguishable from them; any other drugs to which the federal narcotic laws may now apply; and any drug found by the state board of pharmacy and the state board of health, after reasonable notice and opportunity for hearing, to have an addiction-forming or addiction-sustaining liability similar to morphine or cocaine, from the effective date of determination of such finding by said state board of pharmacy and state board of health."

In section 65-2502, we find:

"It shall be unlawful for *any person* to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug except as authorized in this act." (Italics supplied.)

In Section 65-2519, it is shown that upon conviction of a violation of the act for the first offense, the punishment is "by a fine of not less than one hundred dollars ($100) and not exceeding one thousand dollars ($1,000) or by imprisonment in the county jail for not more than one year, or both such fine and imprisonment." It will be noted that in this section, the penalties for subsequent convictions under the act are greatly increased.

The title of the uniform act as passed by the legislature, Laws of 1957, chapter 338, is as follows:

"An Act defining and relating to narcotic drugs, *to make uniform the law with reference thereto,* regulating the sale, as therein defined, and the dispensing and distribution of such narcotic drugs, *declaring certain acts unlawful and prescribing penalties for violations thereof,* and repealing sections 65-616 and 65-618 of the General Statutes of 1949." (Italics supplied.)

This court has always held that where a later act of the legislature is irreconcilably repugnant to an earlier act on the same subject, the statute last enacted repealed the earlier act. In the case of *Elliott v. Lochnane,* 1 Kan. 126, the court said in the third paragraph of the syllabus:

"It is a rule without exception, that where two statutes are, in any respect, in both language and meaning, irreconcilably repugnant, the provisions of the statute last enacted repeal those of the former with which they conflict."

Again, in *State v. Ewing,* 22 Kan. 708, the court speaking through Mr. Justice Brewer said:

"1. Section 4 of chapter 149 of the Laws of 1879, p. 270, works by implication a repeal of all prior enactments providing for the levy of a one-mill tax for the state annual school fund.

"2. Said section is not invalid by reason of conflict with section 16 of article 2 of the state constitution." (syllabus)

To like effect, see *Railway Co. v. Park,* 66 Kan. 248, 71 Pac. 586; *Miltonvale Rural High School v. Community High School,* 153 Kan. 756, 113 P. 2d 1095; and *Kimminau v. Common School District,* 170 Kan. 124, 223 P. 2d 689.

It is suggested in the brief of amicus curiae that repeal by implication would be unconstitutional under Section 16 of Article 2 of the state constitution since the old act is not removed from the statute book as provided in that section. This court has held many times to the contrary. See *State v. Ewing,* supra; *Kimminau v. Common School District,* supra; *State v. Ricks,* 173 Kan. 660, 250 P. 2d 773.

Our view of the uniform narcotic drug act is strengthened by the cases from other jurisdictions. In the case of *Rich v. State,* 61 Okla. Cr. 148, 66 P. 2d 950, the Oklahoma Criminal Court of Appeals held that the uniform narcotic drug act repealed older statutes of Oklahoma providing for punishment for transporting narcotic drugs. The court said that while there was no provision in the uniform narcotic drug act prohibiting transportation, the uniform act covered the whole field, and the defendant could have been charged with unlawful possession of the drugs.

In *State v. Economy,* 61 Nev. 394, 130 P. 2d 264, the court held:

"Imposition of sentence under 1923 narcotic act on conviction of peddling narcotic drug known as mari*h*uana was error, as sentence should have been imposed under uniform narcotic drug act, which impliedly repealed 1923 act."

A like decision as to the effect of the uniform narcotic drug act upon prior statutes of the state of West Virginia was made by the Supreme Court of Appeals of West Virginia in *State v. Hinkle,* 129 W. Va. 393, 41 S. E. 2d 107.

We are of the opinion that there can be no question but that the defendant was wrongfully prosecuted and sentenced under the provisions of G. S. 1949, 21-2311, and that his detention in the state penitentiary by respondent is unlawful. However, it may be noted that the information against petitioner filed in the district court of Montgomery county specified no particular statute in charging petitioner with unlawful possession of marijuana. We also are of the opinion that the word "feloniously" as contained and used in the

information can be regarded as surplusage; that when so read the information states an offense under the uniform act which was then in force. (*The State v. Bailey,* 107 Kan. 637, Syl. ¶ 3, 193 Pac. 354; *State v. Williams,* 141 Kan. 732, 741, 42 P. 2d 561.) After petitioner's plea of guilty, the sentence of the court entered on February 1, 1958, purports to find petitioner charged under both "G. S. 1949, 21-2311 and section 14, chapter 331 (8), Laws of 1957," and sentenced him to serve a term in the state penitentiary under section 21-2311. The last statute had been repealed, and the court was without power to sentence petitioner to the penitentiary upon the conviction of a first offense under Laws 1957, chapter 338, section 19. Nevertheless, a valid information had been filed against petitioner under the uniform act and he had pleaded guilty thereto.

Under the above circumstances the writ must issue to release the petitioner from the custody of respondent, but respondent is directed to turn petitioner over to the sheriff of Montgomery county, if said sheriff shall claim custody of petitioner within ten days. The sheriff shall be empowered to bring petitioner before the district court of Montgomery county for sentence under the above mentioned information and plea of guilty filed in that court. (*State v. Woodbury,* 132 Kan. 22, 294 Pac. 928; *Edwards v. Hudspeth,* 159 Kan. 37, 151 P. 2d 698.)

Such sentence, if any, shall be made to begin as of February 1, 1958. (*McCarty v. Hudspeth,* 166 Kan. 476, 480, 201 P. 2d 658.)

It is so ordered.