IN RE TONEY.

(No. 1212—Decided September 25, 1961.)

*Mr. Daniel Toney, in propria persona.*
*Mr. Mark McElroy,* attorney general, and *Mr. Aubrey Wendt,* for respondent, Dr. Jerry O. Crist, acting Superintendent.

GUERNSEY, P. J.  This is an action in habeas corpus instituted in this court by petitioner, Daniel Toney, wherein he alleges that he is unlawfully restrained of his liberty by Dr. Jerry O. Crist, acting Superintendent of the Lima State Hospital.  In the amended return filed for and on behalf of Dr. Crist it is acknowledged that the petitioner is in Dr. Crist's custody and has been in custody since December 2, 1955, by virtue of a commitment by the Court of Common Pleas of Lucas County, Ohio.

Attached to the amended return and made a part thereof is a purported copy of the journal entry of judgment of the court, which in its entirety reads as follows:

"State of Ohio      )      Indictment For Burglary of Inhabited
"No. 34004-vs-      )      Dwelling and Breaking and Entering
"Daniel Toney       )      Building.

"This day came the prosecuting attorney on behalf of the state of Ohio, and the defendant Daniel Toney, being present in court with counsel and withdraws former plea of not guilty and entered a plea of guilty to the second count of the indictment. A nolle prosequi is entered herein as to the first count of the indictment. Report of Lima State Hospital dated November 9, 1955, was read in open court to the defendant. In accordance with provisions of Section 2947.25 of the Ohio Revised Code, the defendant is ordered committed to the Ohio Penitentiary until released according to law, and ordered to pay the costs of prosecution. Defendant is ordered committed to Lima State Hospital for an indefinite period, in accordance with the provisions of Sections 2947.25 and 2947.24 of the Ohio Revised Code, and during the period of his commitment to Lima State Hospital, the execution of sentence in this case shall be suspended."

It is basic to the law of habeas corpus that, in the event a person is restrained of his liberty by virtue of a commitment by a court which did not have jurisdiction of the subject matter to make such commitment, the commitment is void and the petitioner must be released from such restraint. On the hearing of this action in habeas corpus no part of the record of the Court of Common Pleas relating to the conviction and commitment of Daniel Toney was offered in evidence and this court in determining the legality of his restraint must consider only the journal entry of commitment included in the amended return which, if in pursuance of law, constitutes prima facie evidence of the cause of petitioner's detention. Section 2725.20, Revised Code. On the contrary the petitioner is entitled to such benefit as may be derived from any defects in or invalidity of the commitment apparent on the face thereof when same have not been overcome by other evidence.

It appears on the face of the commitment that the purpose of the trial court was to cause the petitioner to be committed to the Lima State Hospital pursuant to the provisions of Sections 2947.24 and 2947.25 of the Revised Code, commonly known as the Ascherman Act, as amended. For some offenses these pro-

visions permit, and for other offenses they require, the trial court, after conviction and before sentence, to refer the person convicted for examination and report as to his mental condition. After the examination, the court is required to conduct a hearing on the report of the examiners. Section 2947.25, Revised Code, then further prescribes:

"If upon consideration of such report and such other evidence as is submitted, the court finds that such person is mentally ill as defined in Section 5123.01 of the Revised Code or is a mentally deficient offender or a psychopathic offender as defined in Section 2947.24 of the Revised Code, *the court shall enter such finding on the records* and shall impose the appropriate sentence for the offense of which the person was convicted. At the same time the court shall enter an order of indefinite commitment of such person to the department, during the continuance of which the execution of sentence shall be suspended. * * *" (Emphasis added.)

Although the finding of guilty of the offense charged is in the exercise of the general jurisdiction of a Court of Common Pleas in criminal matters, the reference thereafter for examination and report and, following report, the hearing, determination, and indefinite commitment to a state hospital by reason of mental illness, or by reason of the capacities of mentally deficient offender or psychopathic offender, as defined by statute, is an exercise by such court of a special and limited jurisdiction. There is no presumption of jurisdiction in such event and the record of the court must show upon its face a full compliance with the jurisdictional statutory requirements. Every requisite for either jurisdiction or its lawful exercise must appear upon the face of the proceeding or it is a nullity. See *State, ex rel. Smilack,* v. *Bushong, Supt.,* 93 Ohio App., 201. (Affirmed, 159 Ohio St., 259.)

The legal and practical result of a determination that a person is mentally ill, a mentally deficient offender or a psychopathic offender varies in each case. Among other things, a person may be a mentally deficient offender or a psychopathic offender without being psychotic, and a mentally ill person as defined by law would seldom, if ever, also satisfy either the statutory definition pertaining to the mentally deficient offender or that pertaining to the psychopathic offender. It is a rarity, if

for practical purposes not an impossibility, for a mentally deficient offender ever to "improve" or "recover," for mental deficiency is often organic in its nature, there being little, if any, chance for change or improvement. The label under which a convicted person is indefinitely committed to the Department of Mental Hygiene and Correction may be determinative of his future right to release from commitment. Under these circumstances the Legislature did not idly prescribe in Section 2947.25, *supra*, that "the court shall enter such finding on the records."

We are, therefore, of the opinion that, without regard to whether the record must show that a hearing on the report of examination was conducted, it is a specific statutory requirement that a finding that the defendant is mentally ill, or is a mentally deficient offender or a psychopathic offender be entered on the records, and that such requirement is mandatory and jurisdictional, the satisfaction of which is a condition precedent to the exercise by the trial court of jurisdiction to enter an order of indefinite commitment of such person to the Department of Mental Hygiene and Correction.

In the journal entry of commitment herein involved the trial court made no finding as thus prescribed by law, thereby lacked the jurisdiction to proceed to commit the petitioner, Daniel Toney, to the Lima State Hospital, and its order of commitment thereto is void.

Although we do not deem it pertinent to our decision herein we observe that the trial court likewise failed to show in its order "the minimum and maximum penalties" for the offense for which Daniel Toney was convicted, which showing was also required by such statute.

Notwithstanding that the trial court did not satisfy the statutory prerequisites to the exercise of its jurisdiction to commit the petitioner to the Lima State Hospital, there is a presumption that it had the general jurisdiction, as usual in criminal matters, to convict Toney of the offense of which he was charged and to sentence him to the Ohio Penitentiary for such offense. He may not therefore be released by this court from custody, except the custody of the respondent, the acting Superintendent of the Lima State Hospital. It is, therefore, the order of this court that the petitioner be forthwith released from the custody of the respondent, and that he be remanded to, and

physically transferred by such superintendent to, the custody of the Sheriff of Lucas County, Ohio, pending resentence or such further proceedings as may be provided by law within the jurisdiction of the Common Pleas Court of Lucas County, Ohio. It is further ordered that the clerk of this court certify copies of the judgment entry to the respondent, the Sheriff of Lucas County, Ohio, and to the Common Pleas Court of Lucas County, Ohio.

Although any relief by reason thereof is outside the jurisdiction of this court in this action, the author of this opinion observes for the benefit of the committing court that the petitioner has already been in the custody of the Superintendent of the Lima State Hospital for a period exceeding the maximum sentence for the offense of which he was convicted.

*Judgment accordingly.*

MIDDLETON and YOUNGER, JJ., concur.