SHIPLEY *v.* STATE

[No. 405, September Term, 1963.]

*Decided July 2, 1964.*

The cause was submitted to HENDERSON, HAMMOND, HORNEY and MARBURY, JJ., and ANDERSON, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

Submitted on brief by *James G. Beach, Jr.,* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Mathias J. DeVito, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Alfred J. O'Ferrall, III, Assistant State's Attorney,* for the appellee.

ANDERSON, J., by special assignment, delivered the opinion of the Court.

On April 11, 1957, in the Criminal Court of Baltimore, four indictments were returned charging the appellant, Walter R. Shipley, with robbery with a deadly weapon, larceny, burglary, and carrying a deadly weapon. Upon pleas of guilty to all of the charges, Judge Warnken sentenced the appellant to 22 years in the Maryland Penitentiary. Appellant was without benefit of counsel at his arraignment and trial.

On September 19, 1963, appellant filed a petition for *habeas corpus* in the same court and, because he had not been represented by counsel at the first trial, his convictions were set aside and a new trial was granted.

Counsel was appointed to represent appellant at the new trial, and on December 17, 1963, before Judge Sodaro, appellant was arraigned and guilty pleas were entered in his behalf by his counsel. Appellant was closely questioned as to whether he understood the charges against him. He himself then pleaded guilty to each indictment. Judge Sodaro sentenced appellant to a total of 15 years in the Maryland Penitentiary, to commence as of the day of his arrest. From these convictions and sentences the appellant has appealed.

At the time of this appeal, appellant's then counsel, Mr. Adler, was allowed to withdraw his appearance from the case and Mr. James Beach was appointed by the court to prosecute the appeal.

The appellant originally noted his appeal in proper person, setting forth four contentions. Subsequently, the court appointed counsel on appeal contended that the trial of this case amounted to a denial of due process and a violation of appellant's constitutional rights because (a) his illegal arrest in 1957 was followed by an unreasonable detention before charges were placed; (b) there was no counsel at the 1957 trial; (c) the court failed

to grant the relief prayed for on the writ of *habeas corpus,* *i.e.,* prayer for release instead of the new trial that was granted; and (d) the second trial was illegal. The case was submitted on briefs without argument.

There can be no merit in the contention that there was an illegal arrest in 1957 followed by an unreasonable detention before charges were placed. The law is that an officer may lawfully arrest without a warrant and search the accused if a misdemeanor has been committed in his presence or where he has reasonable grounds to believe that the accused has committed a felony. *Braxton v. State,* 234 Md. 1. Appellant was arrested while operating an automobile at night without lights, a misdemeanor under the Code (1957), Article 66½, §§ 271-272, requiring every vehicle on a highway (not parked in conformity with statutory requirements) to display lighted headlamps when there is not sufficient daylight to render persons, animals or substantial objects clearly discernible at a distance of 300 feet. Furthermore, appellant was driving a stolen car reported to be involved in the robbery of a gas station, giving the officer reasonable grounds to believe a felony had been committed by the appellant. Evidence to support the contention that appellant was held incommunicado from March 30, 1957, until April 11, 1957, when he was indicted, without charges ever having been placed against him and without the accused ever having been brought before a committing magistrate, is wholly lacking.

As to the claim in connection with the absence of counsel at the first trial there can be no merit, for appellant received a new trial as a result of a *habeas corpus* proceeding for that very reason. Nor can there be any merit to the claim that appellant should have been released and not retried as a result of the *habeas corpus* proceeding, the proper procedure after setting aside a conviction because of denial of counsel being a new trial, and this relief was granted.

As to the contention that the second trial was illegal, the Court must point out that a voluntary plea of guilty when entered in the presence of counsel operates as a waiver of all non-jurisdictional defects or irregularities which may have occurred in the proceedings, and, further, makes the production of any evidence by the State unnecessary and results in a conviction

not reviewable on appeal. *Gans v. Warden,* 233 Md. 626; *Thomas v. Warden,* 233 Md. 607; *Jacobs v. State,* 232 Md. 627; *Buffington v. State,* 230 Md. 423; *Case v. State,* 228 Md. 551. In the trial below appellant's guilty pleas were entered voluntarily, and he was closely questioned by his counsel at the time the pleas were entered as to whether he understood the charges against him, and thereafter, the trial judge asked the appellant if he had been satisfied with the representation given him by his counsel, to which question he replied that he had been satisfied. The convictions below having been entered upon guilty pleas voluntarily made, it is manifest that none of the contentions relating to alleged irregularities in the proceedings below are properly before the Court.

*Judgment affirmed.*