HUDMON *v.* COONFIELD.

5-3686                                    396 S. W. 2d 296

Opinion delivered December 6, 1965.

*Davis Duty,* for appellant.

*Eugene Coffelt,* for appellee.

PAUL WARD, Associate Justice. The real question involved on this appeal concerns the sale of certain real property under execution to satisfy a $1000 fine. The fine was assessed against Virginia Jewell Miller (called Mrs. Miller) who owned the land involved and who had refused to deliver custody of an infant to its mother, Virginia Ilene Hudman (called Mrs. Hudmon).

The $1000 fine was assessed against Mrs. Miller on July 6, 1964, and she sold the land to Harrison Coonfield (appellee) sometime in December 1964. On March 4, 1965 the land was sold, under execution at public auction, to Edgar Shook (one of the appellants herein).

When appellee filed suit in chancery court to quiet his title Edgar Shook was made a party defendant because he claimed title as purchaser at the execution sale just mentioned. Later the matter was transferred to the circuit court on appellee's motion to set aside the execution sale. In answer Shook alleged "that the order of July 6, 1964 constitutes a valid subsisting judgment at law against Virginia Jewell Miller . . . .", and that the execution sale was valid and should be sustained.

On April 2, 1965, after a hearing, the circuit court quashed the execution sale and quieted title to the land in appellee; hence this appeal.

Ark. Stat. Ann. § 29-130 (Repl. 1962) provides among other things that a judgment in either the Supreme, Chancery, or Circuit Court shall be a lien on land owned by a defendant in the county from the date of its rendition. It must be conceded therefore that, if the assessment of the fine against Mrs. Miller constituted the kind of judgment referred to in the above section, the execution sale was valid and conveyed title to appellant Shook. This is true because the assessment of the fine preceded the sale by Mrs. Miller to appellee.

It is our conclusion that the assessment of the fine in this instance constituted a judgment contemplated by the above mentioned statute, and that it was a lien on Mrs. Miller's land. Although the question presented appears to be a novel one generally and especially to this Court, yet there is respected authority in support of our conclusion.

In 36A C. J. S. (p. 441) FINES, § 9-by Execution against property, we find this:

"As a general rule a fine may be enforced by execution against the defendant's property."

Following the above, the text continues:

"After a fine has been imposed by the sentence of the court, it is regarded as in the nature of a debt of record due the state, and ordinarily it may be enforced by execution against defendant's property both at common law and under many of the statutes."

In the matter of *Application of Fishman*, 241 Pac. 2d 603, the court made this statement:

"A judgment imposing a fine, without any alternative, is equivalent to a civil money judgment, and its collection is subject to the same rules."

It is not contended here, nor does the record show, that Mrs. Miller had any alternative to paying the fine assessed against her.

In addition to what we have already said, we think Ark. Stat. Ann. § 43-2404 (Repl. 1964) also supports the position we take in this case. In material parts this section reads:

"The clerk of the court . . . shall issue executions for all fines imposed . . . in penal actions or *otherwise* . . . remaining unpaid . . . in the same manner as executions in civil cases, and the property of the defendant may be seized and sold . . . ." (Emphasis added.)

It follows therefore that the judgment and decree of the trial court must be reversed and nullified, and it is so ordered.

Reversed.