Marshall L. CHERRY, Superintendent v.
LARRY RAY HALL

5639                            472 S.W. 2d 225

Opinion delivered November 1, 1971

*Ray Thornton,* Attorney General; *Garner L. Taylor, Jr.,* Asst. Atty. Gen., for appellant.

*Herrod & Cole,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal constitutes our original confrontation with the problems presented by *Tate* v. *Short,* 401 U. S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130 (1971), wherein it was held that a state statute may not be constitutionally applied to justify immediate imprisonment of an indigent who cannot forthwith pay a legally imposed judgment for fine and costs. The statute involved was similar in effect to Ark. Stat. Ann. § 43-2314.1 (Supp. 1969).

Appellee Hall was convicted March 29, 1971, in the Circuit Court of Pulaski County of the misdemeanor, possession of stolen property, after trial de novo on appeal from the Municipal Court of North Little Rock. The jury fixed his punishment at a fine of $250. Appellee requested that he be granted time to pay the fine. His request was accompanied by his counsel's statement that, even though he thought that appellee could offer proof of indigency, this would be unnecessary, because Hall's family could raise the money if given a few days. In spite of this statement and a deputy prosecuting attorney's recognition of the existence of a problem if Hall was indeed indigent, the court rejected appellee's request, rendered judgment for the fine and directed his commitment to prison unless he paid the fine immediately.

The commitment was issued on the date of the jury verdict. It required imprisonment of Hall until his fine and the costs of prosecution were paid or otherwise discharged by due course of law. This action, of course, was pursuant to Ark. Stat. Ann. § 43-2314.1. On April 12, 1971, appellee filed his petition for a writ of habeas corpus to the Superintendent of the Pulaski County Penal Farm, seeking discharge from custody on the ground that his incarceration based solely upon his inability to pay the fine and costs was a violation of his "equal protection" rights under Amendment 14 of the United States Constitution.

At the hearing on Hall's petition, he testified that he did not have the money or any other means to pay his fine, had no money at all, did not own any property, and had no job. He stated that he was 21 years of age, married and had a stepson, and that, while his father worked, his wife and mother were unemployed. Even so, he said that he might have been able to pay the fine over a period of time, which he had thought he would be given. From this uncontradicted testimony, the circuit court found that Hall's imprisonment resulted solely from his indigency and ordered his release from the county farm, saying that because Arkansas had no specific statute establishing a procedure for paying fines in installments, the court had no choice in the matter.

The state, on appeal under Ark. Stat. Ann. § 43-2720 (Repl. 1964), contends that the trial court erred in failing to require the defendant to pay his fine in installments over a period of time.[1] We agree with the state's argument that, even though the release of appellant from his imprisonment on the county farm was required, appellee is not relieved of liability for the fine and costs, and that there were alternatives to his outright and unconditional release.

In *Tate,* the United States Supreme Court held that the United States Constitution prohibits a state from imposing a fine as a sentence and then *automatically* converting it into a jail term *solely* because the defendant is indigent and cannot *forthwith* pay the fine in *full.* But the court still recognized that there are alternatives to which a state "may constitutionally resort to serve its concededly valid interest in enforcing payment of fines." The court reiterated statements from an earlier case, that a state was free to choose from a variety of proposed solutions to the problem and to devise new ones, but did not, in any respect, limit the states to procedures subsequently adopted. Although we are not aware of any legislation adopted in the wake of *Tate,* existing law provides our

---

[1]No question is raised about the propriety of resort to habeas corpus to assert matters which might have been considered on appeal, even though Hall waived his right of appeal. For this reason, we do not consider that question but address ourselves only to the single point argued on behalf of appellant.

courts with machinery to enforce the collection of fines. Thus, we find that the circuit judge erred in holding that there was no alternative to unconditional release of Hall.

The imposition of the fine actually constituted a judgment against Hall. *Hudmon v. Coonfield,* 239 Ark. 1063, 396 S. W. 2d 296. The judgment became a lien on the property of Hall, owned or acquired at any time after his arrest, in whosever possession it might be found. Ark. Stat. Ann. § 43-2403 (Repl. 1964); *Lawson v. Johnson and Ashley,* 5 Ark. 168; *Western Tie and Timber Company v. Campbell,* 113 Ark. 570, 169 S. W. 253, Ann. Cas. 1916C 943; *New Amsterdam Casualty Co. v. O'Dell,* 193 Ark. 246, 98 S. W. 2d 953. The clerk of the court is charged with the duty of issuing executions on all judgments for fines and costs. Ark. Stat. Ann. § 43-2404; *Hall v. Doyle,* 35 Ark. 445; *Hudmon v. Coonfield,* supra. The county sheriff has the duty of collection of all fines and penalties adjudged in the circuit court. Ark. Stat. Ann. § 43-2503, 2504 (Repl. 1964). In the performance of this duty, in misdemeanor cases, the sheriff may accept a note or bond, with adequate security or sureties for the payment of a fine and attendant costs. Ark. Stat. Ann. § 43-2317 (Repl. 1964). This authority, in itself, might be utilized to provide an installment payment system for those whose payments are secured by solvent surety. Action by the above named officials and by the county judge is authorized without any specific direction by the circuit court. Yet, there are procedures open to the court which may be more effective in cases of chronic indigency.

Arkansas Statutes Annotated § 43-2314.1 itself provides that it shall not be construed "to limit or restrict the authority of any court to suspend any sentence upon such conditions as the court may impose." Any court of record may postpone pronouncement of final sentence and judgment upon such conditions as it shall deem proper and reasonable as to probation and payment of costs in the form of a suspended sentence. Ark. Stat. Ann. § 43-2324 (Repl. 1964). This authority applies where the punishment is by imposition of a fine. Ark.

Stat. Ann. § 43-2326 (Repl. 1964). Circuit courts, under proper circumstances, are specifically authorized by statute to make the payment of a fine in one or several sums a condition of probation when imposition or execution of sentence is suspended. Ark. Stat. Ann. § 43-2331 (Supp. 1969).[2]

The above outline of procedures available to circuit courts may not be exhaustive, but it is certainly indicative that the court has alternatives to the unconditional release of Hall on his petition. It may well be that further procedures to insure collection of fines should be provided by statute or by the exercise of the inherent procedural rule-making powers of the courts[3]. In New Jersey, the Supreme Court prescribed a course of procedure for installment payments based upon statutes little more specific in that regard than our own. *State* v. *DeBonis,* 58 N. J. 182, 276 A. 2d 137 (1971).

This court clearly has the jurisdiction to review, revise and correct the action of a trial court or judge on a petition for habeas corpus. *State* v. *Williams,* 97 Ark. 243, 133 S. W. 1017. The judgment of conviction against Hall is still enforceable. See *Freeman* v. *City of Benton,* 191 Ark. 1131, 89 S. W. 2d 738.

There is nothing in *Tate* which precludes a court from conditioning its order of release upon some reasonable alternative method for the satisfaction of the fine. *Faught* v. *Commonwealth,* 467 S. W. 2d 322 (Ky. Ct. App. 1971). The fact that Hall was entitled to release from the county farm, under present circumstances, on his application for habeas corpus, does not mean that he was to be completely freed of the consequences of the punishment imposed or that the right of the state to resort to procedures not constitutionally inhibited was in any way impaired. *Bailey* v. *Henslee,* 287 F. 2d 936

---

[2]Municipal court judges have the same power in this regard as circuit judges. Ark. Stat. Ann. § 22-754 (Repl. 1962).

[3]As to procedural rule-making powers: see *Hixon* v. *Weaver,* 9 Ark. 133; *Christy* v. *Speer,* 210 Ark. 756, 197 S. W. 2d 466; *Widmer* v. *State,* 243 Ark. 952, 422 S. W. 2d 881; Act 470 of 1971.

(8th Cir. 1961), cert. denied, 361 U. S. 945, 80 S. Ct. 408, 4 L. Ed. 2d 364 (1960); 368 U. S. 877, 82 S. Ct. 121, 7 L. Ed. 2d 78 (1961); *In re Christian,* 82 F. 199 (Cir. Ct. W. D. Ark. 1897). See also, *State* v. *Neel,* 48 Ark. 283, 3 S. W. 631; *Horton* v. *Bomar,* 335 F. 2d 583 (6th Cir. 1964); *Application of Billie,* 103 Ariz. 16, 436 P. 2d 130 (1968); *In re Turrieta,* 54 Cal. 2d 816, 356 P. 2d 681 (1960); *In re Toney,* 114 Ohio App. 397, 183 N. E. 2d 141 (1961); *Foran* v. *Maxwell,* 173 Ohio St. 561, 184 N. E. 2d 398 (1962); *People* v. *Follette,* 32 A. D. 2d 389, 302 N. Y. S. 2d 624 (1969); *Shipley* v. *State,* 235 Md. 408, 201 A. 2d 773 (1964); *In re Garofone,* 80 N. J. Super. 259, 193 A. 2d 398 (1963); *Van Etten* v. *Cochran,* 120 So. 2d 587 (Fla. 1960); *Lawton* v. *Hand,* 183 Kan. 694, 331 P. 2d 886 (1958).

The judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.

BYRD, J., concurs.

CONLEY BYRD, Justice, concurring. I concur in the result reached only because *Tate* v. *Short,* 401 U. S. 395 (1971), (to me, erroneously), classifies as revenue producers for the State all fines including those assessed by a jury as an alternative penalty. However, it should be pointed out that the granting of this writ does not give petitioner complete amnesty for he cannot consistently avoid imprisonment for the payment of a fine by persistent impecuniousness. Otherwise we would have an inverse discrimination where the penalty of a fine would be chargeable against only those who work.